UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CHARLES MISKE,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-00019 AC<br><br>**ORDER** |

Petitioner, appearing pro se, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381, 1383f.[1] For the reasons that follow, petitioner's motion for summary judgment will be

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

DENIED, and defendant's cross-motion for summary judgment will be GRANTED.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on July 3, 2013. Administrative Record ("AR") 20.[2] Plaintiff applied for SSI on June 23, 2015. Id. The disability onset date was alleged to be October 1, 2011 for both applications. Id. The claims were disapproved initially and on reconsideration. Id. On July 6, 2015, ALJ Daniel G. Heely presided over the hearing on plaintiff's challenge to the disapprovals. AR 34–57 (transcript). Plaintiff, who appeared with his counsel Mr. Jonathan A. Hendricks, was present at the hearing. AR 20. Ms. Linda M. Ferra, a Vocational Expert ("VE"), also testified at the hearing. Id.

On August 6, 2015, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), nor under section 1614(a)(3)(A) of the Social Security Act. AR 20-29 (decision), 30-33 (exhibit list). On November 23, 2016, after receiving several additional exhibits, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-6 (decision and additional exhibit list).

Plaintiff filed this action on January 5, 2017. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 10. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 18 (plaintiff's summary judgment motion), 19 (Commissioner's summary judgment motion).

## II. FACTUAL BACKGROUND

Plaintiff was born on January 18, 1962, and accordingly was, at age 49, a younger person under the regulations, on his alleged disability onset date.[3] AR 28. The plaintiff has subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963). Id. Plaintiff has at least a high school education, and can communicate in English. Id.

---

[2] The AR is electronically filed at ECF Nos. 15-3 to 15-11 (AR 1 to AR 517).
[3] See 20 C.F.R. § 404.1563(c) ("younger person").

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

////

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Comm'r., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . . .'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24 25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since October 1, 2011, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.917 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: degenerative joint disease of the bilateral knees, diabetes mellitus with peripheral neuropathy, asthma, and obesity (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 146.920(d), 416.925, and 416.926).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform work activities with the following limitations: he can lift and carry 25 pounds frequently and 50 pounds occasionally. He can stand for 6 hours in an 8-hour workday with normal breaks. He can walk for 6 hours in an 8-hour workday with normal breaks. He can sit for 6 hours in an 8-hour workday with normal breaks. He can never climb ladders, ropes, or scaffolds. He can only occasionally climb ramps and stairs. He can never work around hazards, such as dangerous moving machinery and unprotected heights. He cannot operate motor vehicles. In addition, he cannot work around concentrated fumes, odor, smoke, dusts, gases, and other environmental irritants.

6. [Step 4] The claimant is capable of performing past relevant work as a Manager, Retail Store (DOT 185.167-046; light exertional level; skilled; SVP 7). This work does not require performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined by the Social Security Act, from October 1, 2011, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

AR 22-29.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 29.

## VI. ANALYSIS

Plaintiff, who is appearing pro se, does not raise any particular challenge to the ALJ's decision but instead makes a global challenge to the ALJ's finding of non-disability. ECF No. 18 at 1-5. Plaintiff specifically argues that he is disabled due to issues with his knees, including arthritis and injuries incurred after a fall down his stairs in 2011, and complications due to his type 2 diabetes, including neuropathy. Id. at 5.

Plaintiff's appeal must fail because the ALJ's decision is supported by substantial evidence in the record.[4] Under 42 U.S.C. § 405(g), the district court has authority to review an ALJ's decision to deny benefits in a Social Security case. The ALJ's decision that a claimant is not disabled may be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Schneider v. Comm'r., 223 F.3d 968, 973 (9th Cir. 2000). "Substantial evidence is more than a mere scintilla but less than a

---

[4] Plaintiff attaches several documents to his motion for summary judgment. ECF No. 18 at 6-208. These documents are not part of the Administrative Record and are not properly before this court for review on appeal. Brewes v. Comm'r., 682 F.3d 1157, 1161 (9th Cir. 2012) ("The Social Security Act provides for federal court review of final decisions of the Commissioner. In such a proceeding, 'the Commissioner ... shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.' 42 U.S.C. § 405(g). Based on 'the pleadings and transcript of the record,' the court hearing the case may enter 'a judgment affirming, modifying, or reversing the decision of the Commissioner ... with or without remanding the cause for a rehearing.'" Id.)

preponderance—it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995). In making a decision, "[the district court reviews] the administrative record in its entirety to decide whether substantial evidence to support the ALJ's decision exists, weighing evidence that supports and evidence that detracts from the ALJ's determination." Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

When reviewing an ALJ's decision, the court bears in mind that "[t]he ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "The [ALJ's] findings of fact are conclusive if supported by substantial evidence." Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (internal quotations omitted).

In this case, the ALJ's decision is well supported in the record with respect to both (1) plaintiff's diabetes and associated complications, and (2) plaintiff's knee pain.[5] The ALJ found that plaintiff's knee pain was not disabling based on the medical evidence. AR 25. The ALJ pointed specifically to diagnostic notes that showed only mild osteoarthritis in plaintiff's knees (AR 313, 448-49). The ALJ also noted that although Plaintiff experienced "tenderness and diminished or painful ranges of motion in the bilateral knees as well as an abnormal gait on a few occasions during the adjudicated period" (AR 25), the medical record showed that on examination plaintiff demonstrated normal ranges of motion and motor function, normal strength of his extremities, normal balance, and normal gait (AR 24, 257, 260, 311, 321, 366, 457, 462, 480). The fact that plaintiff has received only conservative treatment for his knees also supported the ALJ's opinion. AR 25. Conservative treatment is a valid basis to discount assertions of disabling pain. Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (conservative course of

---

[5] The ALJ's decision is also well supported with respect to plaintiff's asthma (AR 26), but this is not addressed here as plaintiff does not appear to challenge the ALJ's decision with respect to asthma.

treatment suggested "a lower level of both pain and functional limitation").

With respect to plaintiff's diabetes with peripheral neuropathy, the ALJ's analysis is likewise well supported by the medical record. The ALJ found that lab results did frequently show elevated levels of blood glucose and hemoglobin A1C levels, however, he also found that treatment records revealed plaintiff's diabetic A1C measures were at goal levels and that his diabetes was adequately controlled. AR 25, 306, 366, 379, 401. The ALJ noted that plaintiff stated in his testimony that he did not use insulin for treatment of his diabetes; the ALJ found that there was "no evidence that he requires regular insulin injections," and that he never "required urgent care or hospitalization for this condition." AR 25, 41. The ALJ was entitled to find plaintiff's diabetes not disabling because the condition was well controlled with medication. Warre v. Comm'r., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits").

The ALJ also specifically supported his finding related to plaintiff's neuropathy, stating that "very few relevant positive clinical signs were found at physical examinations held throughout the adjudicated period." AR 25. The ALJ cited repeated instances in the record where plaintiff demonstrated full sensory and motor function, normal strength in his extremities, normal gross and fine motor function, balance, and normal gait. AR 25-26, 254, 257, 260, 311, 457, 462, 480. The ALJ found that the medical record contained "no relevant positive findings from a nerve conduction study, an electromyogram, or other applicable laboratory tests." AR 26. The absence of medical evidence to support assertions of disabling symptoms was a valid reason to discount plaintiff's neuropathy allegations. Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005) ("regardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings"), quoting Social Security Ruling (SSR) SR 96-4p.

In summary, this court's responsibility on appeal of a Social Security case is to determine whether the ALJ committed legal error and whether the ALJ's opinion is adequately supported by

substantial evidence in the record.  Upon a full review of the ALJ's decision and the record, it is clear that the ALJ's decision is free of legal error and is supported by substantial evidence in the record.  Thus, the ALJ's decision must be affirmed.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 18), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 19), is GRANTED;

3. The Clerk of the Court shall enter judgment for the Commissioner, and close this case.

DATED:  March 19, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE